IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:18-cv-01777-STV

EMILY EVERETT,

 Plaintiff,

v.

SAMPLE SUPPORTS, LLC,

 Defendant.

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant Sample Supports, LLC, as and for its Answer to Plaintiff Emily Everett's Complaint, states as follows:

### Nature of the Case

1. In response to Paragraph 1, to the extent that Plaintiff is simply characterizing the nature of her claims, no response is necessary; to the extent a response is required, Defendant denies that Plaintiff's claims have merit.

2. In response to Paragraph 2, to the extent that Plaintiff is simply characterizing the nature of her claims, no response is necessary; to the extent a response is required, Defendant denies that Plaintiff's claims have merit.

3. Paragraph 3 asserts a legal conclusion to which no response is necessary.

4. Paragraph 4 asserts a legal conclusion to which no response is necessary.

5. Paragraph 5 asserts a legal conclusion to which no response is necessary.

- 2 -

## Parties

6. Defendant is without sufficient information to admit or deny Paragraph 6, but Defendant does not dispute it.

7. Defendant admits Paragraph 7, although Defendant has other offices besides the office identified in Paragraph 7.

8. In response to Paragraph 8, Defendant clarifies that it is a limited liability company, which provides a range of services to individuals in different regions of Colorado.

9. In response to Paragraph 9, Defendant admits that it provides various services to youth, adults, and seniors.

10. Defendant admits Paragraph 10.

11. Defendant denies Paragraph 11.

12. Defendant is without sufficient information to admit or deny Paragraph 12, and therefore denies same.

13. Paragraph 13 asserts a legal conclusion to which no response is necessary.

14. Defendant denies Paragraph 14.

15. Defendant denies Paragraph 15.

16. Defendant denies Paragraph 16.

17. In response to Paragraph 17, Defendant denies the allegations pertaining to Plaintiff's salary, but admits that from May 8, 2017 until August 1, 2017, Plaintiff was paid $20 per hour.

## Jurisdiction and Venue

18. Paragraph 18 is denied because the case is no longer pending in Colorado district court.

19. Paragraph 19 calls for a legal conclusion to which no response is necessary.

20. Paragraph 20 is denied because the case is no longer pending in Colorado district court.

21. Paragraph 21 calls for a legal conclusion to which no response is necessary, and further, it is not clear what Plaintiff means by "[d]uring all times relevant to this Complaint." During Plaintiff's employment with Defendant, Defendant employed more than two employees and generated more than $500,000 in revenues.

22. Paragraph 22 calls for a legal conclusion to which no response is necessary.

23. Paragraph 23 calls for a legal conclusion to which no response is necessary.

24. Paragraph 24 calls for a legal conclusion to which no response is necessary.

25. Paragraph 25 calls for a legal conclusion to which no response is necessary.

## General Allegations

26. Paragraph 26 calls for a legal conclusion to which no response is necessary, although Defendant denies that there was any contract of employment between Plaintiff and Defendant.

27. Defendant denies Paragraph 27.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

31. Defendant is without any information regarding Plaintiff's current work and therefore denies Paragraph 31.

32. Paragraph 32 calls for a legal conclusion to which no response is necessary.

33. Paragraph 33 calls for a legal conclusion to which no response is necessary.

34. Paragraph 34 calls for a legal conclusion to which no response is necessary.

35. Paragraph 35 calls for a legal conclusion to which no response is necessary.

36. Paragraph 36 calls for a legal conclusion to which no response is necessary.

37. Paragraph 37 calls for a legal conclusion to which no response is necessary.

38. Paragraph 38 calls for a legal conclusion to which no response is necessary.

39. Paragraph 39 calls for a legal conclusion to which no response is necessary.

40. Paragraph 40 calls for a legal conclusion to which no response is necessary.

41. Paragraph 41 calls for a legal conclusion to which no response is necessary.

42. Defendant denies Paragraph 42.

43. Defendant denies Paragraph 43, and to the extent it calls for a legal conclusion, no response is necessary.

44. In response to Paragraph 44, Defendant admits that Plaintiff initially was a program manager, and was classified as exempt.

45. In response to Paragraph 45, one of Defendant's regions is the North, but Defendant cannot admit or deny whether it is the smallest because there is no timeframe for the allegation and no definition about what Plaintiff means by the term "smallest."

46. Defendant denies Paragraph 46.

47. Defendant admits Paragraph 47.

48. Defendant admits Paragraph 48.

49. Defendant denies Paragraph 49.

50. Defendant denies Paragraph 50.

51. Defendant denies Paragraph 51.

52. In response to Paragraph 52, Plaintiff did not work any overtime when she was an overtime-exempt employee, so she did not earn any overtime.

53. Defendant denies Paragraph 53.

54. Defendant denies Paragraph 54.

55. Defendant denies Paragraph 55.

56. Defendant denies Paragraph 56.

57. Defendant denies Paragraph 57.

58. Defendant denies Paragraph 58.

59. Defendant denies Paragraph 59.

60. Defendant denies Paragraph 60.

61. Defendant denies Paragraph 61.

62. Defendant denies Paragraph 62.

63. Defendant denies Paragraph 63.

64. Defendant denies Paragraph 64.

65. Defendant denies Paragraph 65.

66. Defendant denies Paragraph 66.

67. Defendant denies Paragraph 67.

68. Defendant denies Paragraph 68.

69. Defendant denies Paragraph 69.

70. Defendant denies Paragraph 70.

71. Defendant denies Paragraph 71.

72. Defendant denies Paragraph 72.

73. Defendant denies Paragraph 73.

74. Defendant denies Paragraph 74.

75. Defendant denies Paragraph 75.

76. In response to Paragraph 76, Defendant admits that in May of 2017, Plaintiff asked to transition to a different position, and she became a part-time, non-exempt behavior specialist.

77. Defendant denies Paragraph 77.

78. Defendant denies Paragraph 78.

79. Defendant denies Paragraph 79.

80. Defendant denies Paragraph 80.

81. Defendant denies Paragraph 81.

82. In response to Paragraph 82, there is a typographical error, but Defendant admits that Plaintiff resigned on August 1, 2017.

83. In response to Paragraph 83, Defendant admits that Plaintiff's lawyer sent a letter dated December 15, 2017 to Defendant, making various meritless allegations.

84. Defendant denies Paragraph 84 as Defendant previously paid Plaintiff all that she was owed.

### First Claim for Relief – Breach of Implied Contract

85. In response to Paragraph 85, Defendant incorporates its responses to Paragraphs 1-84 as if fully restated herein.

86. Defendant admits Paragraph 86.

87. Defendant admits Paragraph 87.

88. To the extent Paragraph 88 calls for a legal conclusion, no response is necessary; to the extent there are factual allegations in Paragraph 88, Defendant admits that Plaintiff was paid a salary for part of her tenure with Defendant, but for the remaining part, she was paid an hourly rate; and Defendant admits that Plaintiff worked for Defendant until she resigned.

89. To the extent Paragraph 89 calls for a legal conclusion, no response is necessary; to the extent a response is necessary, Defendant denies Paragraph 89.

90. Defendant denies Paragraph 90.

91. Defendant admits Paragraph 91.

92. Defendant is without sufficient information to admit or deny Paragraph 92, so Defendant denies it.

93. Defendant denies Paragraph 93.

94. Defendant denies Paragraph 94.

### Second Claim for Relief – Promissory Estoppel

95. In response to Paragraph 95, Defendant incorporates its responses to Paragraphs 1-94 as if fully restated herein.

96. Defendant denies Paragraph 96.

97. Defendant denies Paragraph 97.

98. Defendant denies Paragraph 98.

99. Defendant denies Paragraph 99.

100. Defendant denies Paragraph 100.

**<u>Third Claim for Relief – Wrongful Termination in Violation of Public Policy</u>**

101. In response to Paragraph 101, Defendant incorporates its responses to Paragraphs 1-100 as if fully restated herein.

102. Defendant denies Paragraph 102.

103. Defendant denies Paragraph 103.

104. Defendant denies Paragraph 104.

105. Defendant denies Paragraph 105.

106. Defendant denies Paragraph 106.

107. Defendant denies Paragraph 107.

108. Defendant denies Paragraph 108.

**<u>Fourth Claim for Relief – Overtime Pay Under the Fair Labor and Standards Act [sic]</u>**

109. In response to Paragraph 109, Defendant incorporates its responses to Paragraphs 1-108 as if fully restated herein.

110. Paragraph 110 calls for a legal conclusion to which no response is necessary.

111. Paragraph 111 calls for a legal conclusion to which no response is necessary.

112. Paragraph 112 calls for a legal conclusion to which no response is necessary.

113. Defendant denies Paragraph 113.

114. Defendant denies Paragraph 114.

115. Defendant denies Paragraph 115.

116. Defendant denies Paragraph 116.

117. Defendant denies Paragraph 117.

118. Defendant denies Paragraph 118.

119. Defendant denies Paragraph 119.

120. Defendant denies Paragraph 120.

121. Defendant denies Paragraph 121.

122. Defendant denies Paragraph 122.

123. Defendant denies Paragraph 123.

124. Defendant denies Paragraph 124.

125. Defendant denies Paragraph 125.

### **Fifth Claim for Relief – Overtime Pay Under the CWCA**

126. In response to Paragraph 126, Defendant incorporates its responses to Paragraphs 1-126 as if fully restated herein.

127. Paragraph 127 calls for a legal conclusion to which no response is necessary.

128. Defendant denies Paragraph 128.

129. Defendant denies Paragraph 129.

130. Defendant denies Paragraph 130.

131. Defendant denies Paragraph 131.

132. Defendant denies Paragraph 132.

133. All such paragraphs or allegations not expressly addressed herein are expressly denied by Defendant.

### Demand for Judgment

In response to Plaintiff's "Demand for Judgment," Defendant denies that Plaintiff has been damaged and denies that Plaintiff should be awarded any relief whatsoever and no judgment should be entered against Defendant.

### DEFENSES

1. Plaintiff's claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, acquiescence, consent, ratification, settlement, and release.

4. Plaintiff's claims are barred by her own bad faith.

5. Plaintiff may not recover damages to the extent she failed to mitigate her alleged damages.

6. Defendant acted in good faith for legitimate business reasons and in full compliance with the law at all times relevant to the events alleged in the Complaint.

7. If Plaintiff was damaged as she alleges, her damages were caused by her own acts or the acts of those other than Defendant or its agents.

8. Defendant asserts that Plaintiff's claims are barred by her failure to comply with the jurisdictional, procedural and administrative prerequisites for filing this action.

9. All actions taken by Defendant were for legitimate business reasons.

10. Plaintiff has requested relief not authorized by law.

11. Plaintiff's claims are barred and/or limited because the alleged injuries to Plaintiff resulted from new and independent, unforeseeable, superseding and/or intervening events unrelated to any conduct of Defendant.

12. Plaintiff's claims are barred in whole or in part by statutory preconditions, limitations, or exceptions.

13. Plaintiff's claims are barred in whole or in part because one or more exemptions to the Fair Labor Standards Act and Colorado law apply.

14. Plaintiff's damages should be reduced by any set-offs consistent with the Fair Labor Standards Act and/or state wage laws.

15. Plaintiff's claims are barred in whole or in part because Defendant acted in good faith, in accordance with industry standards and customs, and with reasonable grounds for believing that its actions or omissions were in compliance with applicable laws and regulations, including the Fair Labor Standards Act.

16. Plaintiff's claims are barred in whole or in part by Defendant's good faith actions in conformity with rulings, regulations, decisions, approvals, interpretations, guidance, practices, or enforcement policies of the Wage and Hour Administrator.

17. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to plead claims with particularity.

18. Plaintiff's claims, if any, for willful violations of FLSA are barred by 29 C.F.R. §578.3(c) because Plaintiff cannot show that Defendant acted with reckless disregard of or with knowledge that its actions violated the law.

19. Plaintiff's state law claims are barred because the Colorado Minimum Wage Order and Colorado Minimum Wage Act do not provide a private right of action for failure to pay overtime wages.

20. Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to satisfy a condition precedent.

21. Plaintiff's claims are barred in whole or in part by a failure of consideration and denial of the benefit of the bargain to Defendant.

22. Plaintiff's claims are barred in whole or in part by her failure to give notice and her concealment of material information.

23. Some of Plaintiff's claims are barred by pre-emption.

24. Plaintiff's claims are substantially groundless, frivolous and/or vexatious, and therefore Defendant is entitled to its attorney fees and costs.

Defendant reserves the right to assert other defenses in accordance with the Federal Rules of Civil Procedure and the orders of this Court, which defenses may be disclosed as discovery, disclosures and investigation are accomplished and may request leave of the Court to amend this Answer, if necessary, at a later date.

WHEREFORE, Defendant respectfully requests that this Court:

(i) Enter judgment dismissing the Complaint with prejudice;

(ii) Award Defendant its attorneys' fees, costs and disbursements incurred; and

(iii) Award Defendant any and all other relief that the Court deems just and equitable.

- 13 -

Dated: July 19, 2018                                   Respectfully submitted,


   *s/ Sybil R. Kisken*
Sybil R. Kisken
Richard F. Lee
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email: sybil.kisken@dgslaw.com
       rick.lee@dgslaw.com

*Attorneys for Defendant*

- 14 -

## CERTIFICATE OF SERVICE

      I hereby certify that on July 19, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF systems which will send notification of such filing to the following e-mail addresses:

Thomas H. Mitchiner
Mitchiner Law LLC
1888 N Sherman St Ste 200
Denver, CO 80203
Phone Number: 720-538-0371
E-mail: tmitchiner@mitchinerlawllc.com

*Counsel for Plaintiff*

                              *s/ Sybil Kisken*